996 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ricardo MALDONADO, Plaintiff-Appellant,
v.
Marlene GUTHRIE and Robert Easton, Defendants-Appellees.
 No. 92-3103.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 26, 1993.*
Decided June 15, 1993.
 
 Before CUMMINGS, COFFEY, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Ricardo Maldonado fell out of his jailhouse bunk and fractured his ribs. Doctor Robert Easton of the prison medical unit ordered x-rays, but misread them as showing nothing more than a deep bruise. He put Maldonado on medication, gave him a rib belt, and had him rest in bed. After four days Dr. Easton thought Maldonado could safely return to his job in the dietary unit, although he would continue to take medication and wear the rib belt. Plaintiff returned to the medical unit a few days later because of chest pain and difficulty performing his job. A radiologist read the x-rays and discovered that two of plaintiff's ribs were fractured, rather than merely bruised as Dr. Easton had thought.
 
 
 2
 Plaintiff was released from his job for four days to recuperate further, after which he resumed work, continuing to use medication for a few weeks. Before releasing him, Dr. Easton explained that although he had misread the x-rays it had not changed the treatment, since rib fractures and bruises are treated identically.
 
 
 3
 Maldonado sued Dr. Easton and Marlene Guthrie, the prison's medical administrator, alleging that they violated the eighth amendment by being deliberately indifferent to his serious medical need. Estelle v. Gamble, 429 U.S. 97 (1976); 42 U.S.C. § 1983. Finding no evidence that the defendants acted with deliberate indifference, the district court granted summary judgment to the defendants. Maldonado appeals.
 
 
 4
 Although an intentional failure to treat a serious medical condition would violate the constitution, mere negligence or medical malpractice does not. Estelle, 429 U.S. at 104-06; Holmes v. Sheahan, 930 F.2d 1196, 1200 (7th Cir.1991); Kelley v. McGinnis, 899 F.2d 612, 616 (7th Cir.1990). In this case there is no evidence of negligence, let alone deliberate indifference to a serious medical need; quite simply, plaintiff received adequate treatment. Affidavits from both defendants state that Maldonado was given the standard treatment for a rib injury, and that it made no difference if Dr. Easton had incorrectly read the x-ray as revealing a bruise instead of a fracture. Maldonado has not contradicted these statements, focusing instead on the fact that he was sent back to work because Dr. Easton thought it did not involve heavy lifting, when in fact it did. Yet even though Dr. Easton may have been negligent in not learning more about plaintiff's duties, that is not enough to prevent summary judgment. When Maldonado returned in pain after working a week, the doctor gave him four more days of rest. Further, Maldonado certainly had the opportunity to tell Dr. Easton of his work duties, and absent some indication that the doctor ignored such information, there is no evidence that he had the requisite mental state. An inmate has the right to receive treatment "reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards." Fernandez v. United States, 941 F.2d-1488, 1493 (11th Cir.1991) (internal quotation marks omitted). Maldonado received just that.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P.34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record